**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

ALEXANDER McHALE, and ASHLEY N
McHALE,

                Plaintiff,

vs.

CROWN EQUIPMENT CORPORATION,

                Defendant.

Case No. 20-MC-16-JED-FHM

Related Case No. 8:19-CV-707-JWD-
SPF (M.D. Fla)

## OPINION AND ORDER

Triad Associates, Inc.'s Motion to Quash Third-Party Subpoena, [Dkt. 1], has been fully briefed, [Dkt. 1, 5, 6] and is ripe for decision.

The underlying lawsuit is pending in the Middle District of Florida. Plaintiffs allege products liability claims against Crown Equipment Corporation (Crown) following an injury to Plaintiff Alexander McHale which occurred while operating a Crown lift truck. Plaintiffs have issued a subpoena duces tecum to non-party Triad Associates, Inc. (Triad) broadly seeking production of 28 categories of information relating to work Triad Associates performed in other litigation and for non-litigation purposes from January 1, 2000 to the present. Triad seeks to quash the subpoena on the basis that Triad has not been retained as an expert in this litigation, nor has Triad been asked to investigate the accident. Triad will not testify at trial, nor offer opinions. Triad asserts that the requested information is irrelevant, and not proportional to the needs of the case. Triad further asserts that the requests are overly broad, unduly burdensome, and are made for purposes of harassing Crown and entities that have previously worked with Crown.[1]

---

[1] Triad also asserts that the subpoena was not properly served. The court has not addressed this issue, preferring to address the merits.

In response Plaintiffs assert that in past litigation Crown has relied on the work of various third party consultants related to the design of its product.  Plaintiffs do not address Triad's assertion that its former consulting has involved warnings-related opinions and not design or manufacture.   Instead, Plaintiff assert an outdated standard for the test of relevancy:  that discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to a claim or defense.  [Dkt. 5, p. 6].  Since 2015, the scope of discovery has been defined by Fed.R.Civ.P. 26(b)(1), as follows:

> Parties may obtain discovery regarding any nonprivilged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

On August 21, 2020, the Court in the underlying case addressed the subpoena's Document Request Nos. 1-13.[2]  The Court entered an order granting in part[3] Crown's Motion for Protective Order to preclude Triad from complying with subpoenas issued by Plaintiffs as to Request Nos. 1-13.  [Dkt. 6-2].  The Florida Court's finding that Request Nos. 1-13 are not relevant or proportional renders the present motion moot as to those requests.

Request No 14, [Dkt. 1-1, p. 9], asks for production of documents that reflect what Triad has billed Crown for non-litigation work from January 1, 2000 to present.  The court

---

[2]  Case No. 8:19-CV-707-JWD-SPF (M.D. Fla., Tampa Division)

[3]  The remainder of the motion was denied as moot as Defendant withdrew some of the issues based on the pendency of this motion.

finds that the financial arrangements between Crown and Triad are facially irrelevant as they have no apparent bearing on any matter at issue in the case.[4]

Plaintiffs assert that the following factors are appropriately considered in determining whether a subpoena imposes an undue burden:  1) relevance of the information requested; 2) need of the party for the documents; 3) breadth of the document request; 4) the time covered by the request; 5) the particularity with which the documents are described; 6) burden imposed; and 7) expense and inconvenience.  *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto,* 211 F.R.D. 658, 662 (D. Kan., Jan. 23, 2003).  Applying those factors, the court finds that the subpoena should be quashed.  To the extent that the information sought by Request Nos. 15-28, [Dkt. 1-1, pp. 10-11], may be relevant, the requests cover an extended period of time– 20 years.  Although the categories of documents are particularly described, the specific documents sought are not identified, therefore compliance with the subpoena would require Triad to search its files and make a determination as to which documents might satisfy the requests.  There has been no showing that Plaintiffs have need of obtaining any documents from Triad.  The documents sought are defined as having either been provided to, or provided by Crown.  The documents should therefore be available to Plaintiff through discovery from Crown.  There is, therefore, no need of putting Triad to any expense or any burden to produce the documents sought by the subpoena.  The court finds that the subpoena to Triad should therefore be quashed.

---

[4] On August 10, 2020, in *Wecker v. McHale*, 20-MC-119-MLC (D. Wyo.), the Court, considering an identical subpoena issued to William E. Wecker Associates, Inc., found that Document Request Nos. 1-14, and 27-28 are irrelevant, disproportional, and unduly burdensome.  [Dkt. 6-3].

Triad Associates, Inc.'s Motion to Quash Third-Party Subpoena, [Dkt. 1], is GRANTED.  The subpoena to Triad Associates, Inc. is QUASHED.

SO ORDERED this 10th day of September, 2020.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE